UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN COXON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DISTRICT COURT, et al.,<br><br>    Defendants. | Case No. 22-cv-01407-HSG<br><br>**ORDER DENYING PLAINTIFF'S REQUEST TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT**<br><br>Re: Dkt. No. 2 |

Plaintiff Benjamin Coxon, representing himself, has filed a complaint against several federal defendants, as well as three revised complaints. Dkt. Nos. 1, 4–6. Before the Court is Plaintiff's motion to proceed *in forma pauperis*. Dkt. No. 2.

**I.    INTRODUCTION**

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Having reviewed Plaintiff's application, the Court finds that Plaintiff is unable to pay the full amount of fees, costs, or give security. *See Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Nevertheless, the Court finds that the action is legally frivolous and fails to state a claim on which relief may be granted. The Court accordingly **DENIES** the motion to proceed *in forma pauperis*.

**II.    LEGAL STANDARD**

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *See Escobedo*, 787 F.3d at 1234 &

n.8.  The Court must dismiss a complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."  *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)).  The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  Plaintiff must provide the grounds that entitle him to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Because Plaintiff is pro se, the Court construes the complaint liberally and affords him the benefit of any doubt.  *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

### III. DISCUSSION

Although Plaintiff did not seek leave to amend for his revised complaints, the Court will treat Plaintiff's most recent filing as the operative complaint.  *See* Dkt. No. 6.

The Court finds the complaint insufficient under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 8.  Plaintiff has filed a multitude of cases that have been dismissed for failure to survive review under 28 U.S.C. § 1915.  *See* Case Nos. 3:22-cv-01536-JD; 4:22-cv-00906-YGR; 3:22-cv-00867-WHA; 4:21-cv-5099-HSG; 4:21-cv-08262-YGR; 4:21-cv-06311-JST; 3:20-cv-05636-VC, 3:20-cv-09518-CRB, 4:21-cv-03587-JSW; 3:21-cv-06141-EMC; 3:21-cv-04317-CRB.  As in his previous cases, Plaintiff's complaint is incomprehensible and devoid of factual allegations that would allow the Court to discern what conduct occurred, why it gives rise to a

legal violation, and who committed the alleged violations. Further, Plaintiff cites only Title 18 of the United States Code, which regulates federal criminal activity and does not create a private right of action. *See Faculty Members at Middle E. Sch. v. Donovan*, 2016 WL 1535080, at *9 (N.D. Cal. Apr. 15, 2016) ("Title 18 does not provide a private right of action.").

Even liberally construed, the complaint fails to provide the required short and plain statement containing sufficient factual matter to support a cognizable complaint. *See Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995) ("Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong.").

## IV.   CONCLUSION

Although it is the Court's standard practice to allow amendment after an initial order of dismissal, here the Plaintiff has already submitted three revised complaints. In light of Plaintiff's prior opportunity to amend the complaint, the lengthy history of cases filed in this district in which Plaintiff has been repeatedly notified of the pleading requirements, and Plaintiff's continued inability to articulate a plausible claim, the Court concludes that granting leave to amend would be futile. The Court thus **DISMISSES** Plaintiff's complaint **WITHOUT LEAVE TO AMEND**. The Clerk is directed to enter judgment in favor of Defendant and close the case.

**IT IS SO ORDERED.**

Dated:   12/15/2022

HAYWOOD S. GILLIAM, JR.
United States District Judge